IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PHYLLIS BOSINOFF**<br>         **Plaintiff,**<br><br>v.<br><br>**CONAIR CORPORATION**<br>         **Defendant.** | **COMPLAINT**<br><br>CIVIL ACTION NO. _____ |

## PARTIES

1. Phyllis Bosinoff is an adult resident of 7 Wainwright Road, #10, Winchester, Massachusetts ("Bosinoff").

2. Defendant, Conair Corporation is a corporation, organized and existing under the laws of the State of New Jersey, with a principal place of business at One Cummings Point Road, Stamford, Connecticut ("Conair" or "Defendant").

## JURISDICTION AND VENUE

4. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between citizens of different states.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332.

6. This Court has personal jurisdiction over Plaintiff because she is a resident of Massachusetts and has filed this Complaint, assenting to this state's jurisdiction.

1

7. This Court has personal jurisdiction over Defendant pursuant to Massachusetts G.L. c. 223A, Section 3(c) (the "Massachusetts Long-Arm Statute").

8. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(a) (2) as the injury occurred in Massachusetts.

## FACTS

9. Conair, at all relevant times mentioned in this Complaint, was in the business of designing, manufacturing, distributing, marketing, inspecting and selling, at retail to members of the public, various household appliances, including small kitchen appliances under its "Cuisinart" brand name.

10. Conair designs, manufactures, distributes, markets, inspects and sells a small kitchen appliance known as a "food processor."

11. Bosinoff, as a consumer, purchased a certain food processor, known as a "Cuisinart DLC-10plus" (the "Product") from Conair.

12. Conair, as a merchant in goods of that kind, introduced and sold the Product into the stream of commerce.

13. Bosinoff used the Product for many years without incident, believing that one of the Defendant's safety features was installed properly and that it would not operate without the cover secured in place.

14. On or about April 13, 2008, Bosinoff was using the Product, when it ran without its cover in place and severely injured Bosinoff, cutting her left dominant hand and resulting in, according to the report of her treating doctor, of a "62% digital impairment of her left index finger. This corresponds to a 12% impairment of her hand, and 11% impairment of her upper extremity and 7% impairment of the whole person."

2

## COUNT I

### (Negligence)

15. Plaintiff repeats and re-alleges herein the allegations contained in ¶¶ 1-14 of her Complaint as if fully set forth herein.

16. At all relevant times mentioned in this Complaint, the Defendant Conair Corporation so negligently and carelessly designed, manufactured, constructed, assembled, inspected and sold the Product that it was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of Defendant as described above, Plaintiff suffered and sustained a severe and permanent injury, pain and suffering, permanent disability and medical expenses.

## COUNT II

### (Breach of Implied Warranty of Merchantability)

18. Plaintiff repeats and re-alleges herein the allegations contained in ¶¶ 1-17 of her Complaint as if fully set forth herein.

19. Plaintiff's use of the Product, including inserting her hand into the device while it was uncovered, was foreseeable.

20. As the insertion of a user's hand into the device to remove the processed food, while it was plugged in, was foreseeable, the Defendant intended to engage a safety switch in the Product.

21. Defendant, and/or its predecessor, introduced the Product into the stream of commerce, even though the Product was not fit for the ordinary purposes for which such goods are used, in violation of G.L. c. 106, § 2-314(c).

22. The Defendant had a duty to prevent the sale of the Product, with its defective and unreasonably dangerous condition, into the stream of commerce.

23. The Product was defective in its manufacture, assembly and/or inspection.

24. On information and belief, the Product was manufactured, assembled and/or designed in violation of the Defendant's standards and procedures.

25. The Product was defective in the adequacy of its failure to warn of the risk of its defective manufacture and lack of any working safety device to prevent the harm incurred.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request that a judgment be entered in her favor and against the Defendants on each Count of this Complaint, with further relief as follows:

A. Ordering that the Defendant be required to pay Plaintiff's damages in the sum to be determined at trial, plus interest and costs, and
B. Ordering such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

**PLAINTIFF DEMANDS A JURY TRIAL
ON ALL MATERS TRIABLE TO A JURY**

Signed at Peabody, Massachusetts this 3rd day of June, 2010.

                                            Phyllis Bosinoff,
                                            By her Attorneys,

                                            /s/ Marc D. Kornitsky, Esq.
                                            Marc D. Kornitsky, Esq.
                                            Bar No. 564552
                                            Antico, Barrett, Burke & Kornitsky LLP
                                            One Essex Green Drive
                                            Peabody, MA 01960
                                            (978) 532-5140
                                            (978) 977-0958 (fax)
                                            mkornitsky@abblegal.com
                                            Attorney for Plaintiff